STEVENS v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SEDGWICK.

1. COUNTY SUPERINTENDENT.
The county superintendent is not required by statute to attend the district normal institute.

2. SAME—COMPENSATION.
The county superintendent is not entitled to compensation from the county for his attendance upon the district normal institute.

3. SAME.
Where the duties of an officer and his compensation are prescribed by statute, no claim can be made for fees other than those specifically stated.

*Error to the District Court of Sedgwick County.*

THIS is a controversy between Stevens, the plaintiff in error, and the commissioners of Sedgwick county over a claim which Stevens makes as county superintendent of schools for services which he rendered. The cause was heard upon an agreed statement of facts which substantially recites that what is called a district normal was regularly called in April, 1892, and was holden eleven days, from August 1st to August 12th, 1892, at Sterling, which was one hundred and sixteen miles distant from Julesburg,. the residence of the superintendent, Stevens. Stevens was regularly elected a member of the executive committee when the normal was called and served in that capacity. He was not elected as an instructor to conduct the institute, but simply

as a member of the executive committee for the purposes of its organization with the other county superintendents. Stevens presented his claim to the board of county commissioners, and it was disallowed.   He took an appeal to the district court, where the matter was again heard and judgment was rendered against him.   He sued out a writ of error to reverse this judgment.

Mr. W. D. KELSEY, for plaintiff in error.

Mr. J. S. CARNAHAN, for defendant in error.

BISSELL, P. J., delivered the opinion of the court.

The controversy is an exceedingly narrow one and presents but one question for consideration.   Chapter 97, of the General Statutes, as amended by the acts of 1887, page 397, defines the duties of a county superintendent.   Without attempting to quote the statute, or state in detail what those duties are, it may be observed that they relate solely to the schools established in his own county, their superintendence, an oversight of the teachers and various officers, and the management, within defined limits, of the funds used for school purposes.   The same act provides that his compensation for this labor shall be five dollars per day, and ten cents a mile for the distance necessarily traveled in counties of the class within which Sedgwick is included.   There is nothing in these various acts and amendments which imposes on the superintendent the duty of attending the district normal, nor has he any connection with it under the act which established it (Session Laws, 1891, page 320), save to aid in the selection of an executive committee, which determines the time and place for holding the institute and selects the conductor or instructor for it.   There are certain duties imposed by the act upon those who are selected as members of the executive committee, but these do not include an attendance upon the institute, nor the discharge of any duties in immediate con-

nection with its sessions.   Under these circumstances, it is not easy to see any reasonable basis for the contention that the county superintendent is entitled to a *per diem* and mileage for an attendance at its sessions.   It is always true that where the duties of an officer and his compensation are prescribed by statute, it alone can be looked to for the purposes of ascertaining and settling what his rights may be in respect of such matters.   Where the duties are defined and the compensation definitely provided, no claim can be made for any fees other than those specifically stated.   In the present case no duty is laid on the superintendent to attend the normal institute, and if he does attend, such attendance cannot be held to be the performance of a statutory duty entitling him to the compensation provided for in the other section of the act.

The judgment accords with our views of the proper construction of the statute, and it will accordingly be affirmed.

*Affirmed.*